Case 05-13869    Filed 04/13/06    Doc 91

POSTED ON WEB SITE

FILED
APR 13 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Titus Alexander Gay and
Susan Elizabeth Gay,

        Debtors.

Case No. 05-13869-B-13

DC No. GCL-2
DC No. MNE-3

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
MOTIONS TO DISMISS CHAPTER 13 CASE**

George C. Lazar, Esq., of Fox Johns Lazar Pekin & Wexler, appeared telephonically on behalf of Borrego Springs Bank, National Association (the "Bank").

M. Nelson Enmark, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Patrick Kavanagh, Esq., of the Law Offices of Patrick Kavanagh, appeared on behalf of debtors, Titus Alexander and Susan Elizabeth Gay (the "Debtors").

      The Bank and the Trustee each brought motions to dismiss this chapter 13 case based on unreasonably delay. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Bank's and the Trustee's motions will be granted.

      Under 11 U.S.C. § 1307(c),[1] a chapter 13 case may be converted to a case under chapter 7, or dismissed, whichever is in the best interest of the creditors, for cause. The statute defines "cause" to include "unreasonable delay by the debtor that is prejudicial to creditors." § 1307(c)(1). Neither the Bank, nor the Trustee, nor the Debtors have requested conversion of this case to chapter 7, so the court will limit its analysis to the dismissal issue.

---

[1] Unless otherwise stated, all references and symbols referring to the Code, section or sections refers to the United States Bankruptcy Code 11 U.S.C. § 101, et seq., applicable to cases filed before October 17, 2005.



Here, both the Trustee, and a secured creditor that holds a substantial arreage claim, have moved for dismissal based on unreasonable delay. This is the Debtors' second chapter 13 bankruptcy. The first petition, case no. 05-12737, was filed on April 8, 2005, to stop the Bank from foreclosing its mortgage against the Debtors' home. That petition followed extensive workout efforts between the Debtors and the Bank and an unsuccessful forbearance agreement. That case was dismissed on May 17, 2005, on the court's order to show cause because the Debtors failed to file a master address list, in compliance with the court's local rules. This case was filed on May 12, 2005, one day after the hearing on the order to show cause, and five days before entry of the prior dismissal order.

In this case, the Debtors applied for additional time to file their documents, including the chapter 13 plan. A first-modified chapter 13 plan was filed on June 3, 2005. For reasons that are not clear from the record, the Trustee was not able to complete the meeting of creditors until August 25, 2005. Objections to confirmation of the first-modified chapter 13 plan were filed by the Trustee and others, including the Bank. Those objections were sustained on October 5, 2005.

Thereafter, nothing was done to get a plan confirmed for over two months, until December 7, 2005, when the Debtors filed a motion to confirm another first-modified chapter 13 plan, which was materially different from the June 3, 2005, first-modified plan. That motion was denied for substantive and procedural reasons on January 11, 2006. On January 17, 2006, the Debtors filed a motion to confirm a second-modified chapter 13 plan. The Trustee objected because that plan did not properly provide for treatment of a substantial priority tax claim. That motion was purportedly to be heard on March 1, 2006, but the matter was not calendared because the Debtors had set it for hearing at the wrong time. The clerk gave Debtors' counsel notice of the calendaring problem on February 1, 2006. The problem was not corrected.

Thereafter, the Debtors again did nothing to get a plan confirmed for over two more months. Finally, the Bank filed this motion to dismiss on March 17, 2006. The

Trustee filed his motion on March 20, 2006. Both matters were noticed to the Debtors and their counsel and set for hearing on April 5, 2006. *One day before the hearing*, the Debtors filed a proposed third-modified plan and noticed a confirmation hearing on May 10, 2006. The court heard the dismissal motions, and the arguments of Debtors' counsel, and took those matters under submission.

By the date of the hearing, these Debtors had been in chapter 13 bankruptcy, continuously through two proceedings, for almost one year. According to the Bank's proof of claim, the Bank had not received mortgage payments since prior to March 2004. By the time the Debtors filed this bankruptcy petition, the Bank's arrearage claim was more than $25,000. The Debtors offer no explanation for their failure to make the prepetition mortgage payments, neither do they offer a clear explanation for their failure, or inability, to get a plan confirmed in this case. The court notes from the claims docket, that the Debtors have also failed to pay the real property taxes on their home for a substantial period of time, and they have other secured and unsecured creditors whose rights are stayed by this bankruptcy.

Chapter 13 cases are intended to be expeditiously administered. *In re Michaelesco*, 312 B.R. 466, 469 (Bankr. D.Conn. 2004). Frequent and extended delays in the course of a chapter 13, coupled with the inability to confirm a plan of reorganization, is grounds for dismissal. *See Anderson v. U.S. on Behalf of Small Business Admin.* 165 B.R. 445 (S.D. Ind. 1994).

A chapter 13 bankruptcy is by its very nature "prejudicial to creditors" by virtue of the protections it affords to the debtors, including the automatic stays under §§ 362 & 1301. When a chapter 13 case is not administered expeditiously, and the debtors either can't, or won't get a plan confirmed to pay their creditors, that delay only adds to the prejudice. The delays in this case have been clearly prejudicial to the creditors. The Debtors' inability to get a plan confirmed on several occasions, and the long unexplained gaps between confirmation attempts, lead to the conclusion that this chapter 13 case has not been expeditiously administered. The delay in this case is unreasonable. Moreover,

Debtors' counsel's efforts at the hearing to explain the delays did little to persuade the court otherwise.

**Conclusion.**

Based on the foregoing, the Bank's and Trustee's motions will be GRANTED. This case will be dismissed.

Dated: April __13__, 2006

_____
W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

SEE ATTACHED

DATED: 4/13/06          By: _____
                            Deputy Clerk

EDC 3-070 (New 4/21/00)

Office of the US Trustee
2500 Tulare Street, Room 1401
Fresno, CA 93721

George Lazar
525 B St #1500
San Diego, CA 92101

Patrick Kavanagh
1331 L St
Bakersfield, CA 93:

Susan Gay
9104 BROAD OAK AVE
BAKERSFIELD, CA 93313

Titus Gay
9104 BROAD OAK AVE
BAKERSFIELD, CA 93313

M. Enmark
3447 W Shaw Ave
Fresno, CA 93711